**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                       **Plaintiff,**

                **v.**                                        **12-CR-101A**

**CALVIN YOUNG, et al.**

                       **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

## PRELIMINARY STATEMENT

The defendant, Calvin Young ("Young"), along with seven others, is charged in a one-count, Superseding Indictment (Dkt. #10) with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine. The defendants also face a forfeiture allegation. Presently pending are Young's motion claiming that his arrest was without probable cause and a motion to suppress electronic eavesdropping evidence. Dkt. #51. This Court's Decision and Order on defendant Young's non-dispositive discovery motions was filed separately. What follows is this Court's Report, Recommendation and Order addressing defendant Young's motion relating to his arrest and his motion to suppress.

## DISCUSSION AND ANALYSIS

The defendant has filed a bare bones motion seeking, the suppression of his arrest on the grounds that neither a valid arrest warrant nor a valid search warrant had been issued and the suppression of wiretap or electronic eavesdropping evidence. Dkt. #51, pp.37-38. In support of his assertion that neither a valid arrest warrant nor a valid search warrant had been issued, the defendant simply offers the following conclusory statements,

> 1. The allegations contained in this section are made on information and belief, the basis for such belief being conversations with the defendant and court and office reports.
>
> 2. The defendant was arrested.
>
> 3. No legally valid arrest warrant or search warrant had been issued that was based on proper probable cause.
>
> 4. At the time of the stop, the defendant was not committing any criminal acts.
>
> 5. The defendant denies any involvement that would constitute any acts consisting of narcotics trafficking, gun trafficking, gun possession, conspiracy or racketeering.
>
> 6. The defendant denies that he was committing any crimes.
>
> 7. The search and seizure of the defendant were in violation of defendant's rights as protected by the Fourth Amendment of the United States Constitution.

Dkt. #51, p.37. In its response, the government states, that the defendant has been provided with a search warrant issued by the Court. Dkt. #55, p.22. Moreover, the government states, "[t]he government contends that defendant's counsel's assertion is insufficient to establish a cognizable claim of standing." *Id*. at p.23.

Purportedly seeking suppression of wiretap/electronic eavesdropping, the defendant states,

> The prosecution has not supplied defendant with any statements that were allegedly made by either the defendant or other co-conspirators involving telephone conversations that were obtained through wiretaps. If there are wiretaps/warrants for wiretaps, it is respectfully submitted that the defendant have the ability to review and file supplemental motions to address any suppression issues involving wiretaps.

Dkt. #51, p.38. In its response, the government states, "the government is unaware of the basis for defendant's assertion as to existence of any wiretap. This case, at present, involves no wiretap evidence." Dkt. #55, p.23.

With respect to his motion concerning the search warrant, defendant Young failed to support his motion with a personal affidavit setting forth facts and/or circumstances that would warrant the granting of the motion. Since the defendant has failed to "create a dispute over any material fact," there is no requirement that the Court hold a hearing on his motion to suppress. Furthermore, the government's uncontradicted response, refutes the defendant's claim for suppression of evidence. Therefore, it is recommended that defendant's motion to suppress be denied. With respect to defendant's motion concerning the suppression of wiretap/electronic eavesdropping evidence, based on the government's representation that this case involves no wiretap evidence, there is no basis for this Court to hold a hearing on that motion to suppress. Therefore, it is recommended that defendant's motion to suppress wiretap/electronic eavesdropping evidence be denied.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
                January 23, 2013

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**