UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                              **DECISION AND ORDER**
v.                                                   12-CR-101-A

ANTHONY BISHOP,

                         Defendant.

---

The defendant, Anthony Bishop, has moved pursuant to Fed. R. Crim. P. 33 to vacate a jury verdict finding him guilty of participating in a multi-kilogram cocaine distribution conspiracy in violation of 21 U.S.C. § 846. Defendant Bishop seeks a new trial on the ground that his trial counsel was constitutionally ineffective in failing to negotiate a plea agreement to a lesser term of imprisonment than the defendant now faces. For the reasons that follow, the Court denies the defendant's motion.

## BACKGROUND

Defendant Bishop was found guilty by a jury of conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing cocaine in violation of 21 U.S.C. § 846. The trial evidence showed that, during an approximate nine-month period from July 2011, through March 2012, the defendant led a conspiracy among individuals that received and distributed approximately 40 kilograms of cocaine a month in the Buffalo, New York area. The defendant does not claim he is innocent of the conspiracy charge of which he stands convicted, however.

The United States entered pretrial notice pursuant to 21 U.S.C. § 851 approximately a year before defendant Bishop's trial indicating that increased punishment may apply to the defendant because he has a prior criminal conviction for a serious drug felony.  As a result, the defendant may now face a mandatory-minimum term of imprisonment of 20 years and a maximum of life imprisonment.  It appears that he faces a range of imprisonment under advisory sentencing guidelines of 360 months to life.

Defendant Bishop's relationship with his trial counsel deteriorated after the guilty verdict, and the Court assigned different counsel to represent the defendant. The defendant's replacement counsel was relieved due to a conflict of interest a few months later, and the Court assigned his present counsel.

After numerous adjournments, and more than three years after the guilty verdict, defendant Bishop moved pursuant to Rule 33 of the Federal Rules of Criminal Procedure for a new trial on the ground that his original counsel had been constitutionally ineffective by not conveying to him a plea offer from the United States.  Specifically, the defendant alleges that a plea offer providing for 12 years imprisonment was not conveyed to him by his trial counsel, and that he would have accepted the offer and entered a guilty plea if he had been informed of the offer. Dkt. No. 284, ¶ 5.

The United States contends to the contrary that no formal plea offer was ever extended to defendant Bishop.  The United States also contends that any offer that the United States would have extended to the defendant would have required him to

accept a sentence of at least 20 years imprisonment because of the defendant's central role in the conspiracy, and that the claim the defendant was given a 12-year offer is therefore not credible. The United States also contends the defendant's motion is untimely.

**DISCUSSION**

Rule 33(a) of the Federal Rules of Criminal Procedure provides, in part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." In general, the Rule "confers broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). But "[t]o grant [a Rule 33] motion, '[t]here must be a real concern that an innocent person may have been convicted.' " *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 1997) (alteration omitted).

A motion for a new trial ordinarily must be filed within 14 days of the verdict. Fed. R. Crim. P. 33(b)(2). The 14-day time period can be extended pursuant to Rule 45 of the Federal Rules of Criminal Procedure, even after the 14 days have run, on the ground of excusable neglect. Fed. R. Crim. P. 45(b)(1); *see e.g.*, *United States v. Velazquez*, 197 F.Supp.3d 481, 508 (E.D.N.Y. 2016).

If a Rule 33 motion for a new trial is based upon newly-discovered evidence, it can be filed within three years of the guilty verdict. Fed. R. Crim. P. 33(b)(2). Nevertheless, such a motion can be granted in "only the most extraordinary

circumstances." *United States v. Imran*, 964 F.2d 1313, 1318 (2d Cir. 1992). And the burden that a defendant must carry is to show that:

> (1) the evidence be newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal.

*United States v. Owen*, 500 F.3d 83, 88 (2d Cir. 2007). A showing of due diligence is necessary even if a defendant seeks a new trial based upon newly-discovered evidence. *See e.g.*, *United States v. Brown*, 623 F.3d 104, 113, n.5 (2d Cir. 2010).

**Defendant Bishop's Rule 33 Motion is Untimely.**

The jury verdict finding defendant Bishop guilty of participating in the cocaine distribution conspiracy involving five or more kilograms of cocaine in violation of 21 U.S.C. § 846 was returned on October 22, 2013. Minute entry 10/22/2013. The 14-day deadline for a Rule 33 motion, absent an extension of the deadline, was November 6, 2013. The defendant neither filed a Rule 33 motion, nor sought an extension of time to file one, within the allowed 14 days.

Defendant Bishop's trial counsel was relieved and replaced on December 20, 2013. The attorney-client relationship had irretrievably broken down over defendant's complaints that trial counsel had not negotiated a guilty-plea disposition before trial. Minute entry 12/20/2013; *see* Dkt. No. 288, p. 2. The defendant's replacement counsel did not file, or seek leave to file, a late Rule 33 motion based

4

upon the defendant's claim to have suffered ineffective assistance of counsel due to his trial counsel's failure to negotiate the plea disposition.

When a conflict of interest for defendant Bishop's replacement counsel was identified, defendant's current counsel was assigned on April 14, 2014. Minute entry 4/15/2014. More than three years after the October 22, 2013 jury verdict, and after approximately 13 adjournments of the sentencing proceedings at the defendant's request primarily to permit post-verdict investigation, on May 17, 2017, the defendant moved pursuant to Rule 33 to vacate his conviction. Dkt. No. 284. The defendant did not seek leave to file the motion outside the 14-day time limit in Rule 33(b).

As noted previously, the grounds defendant Bishop raises in support of his motion — that his trial counsel was constitutionally ineffective because counsel did not negotiate a favorable plea agreement — were known to the defendant before trial counsel was relieved. For example, during a status conference on December 16, 2013, trial counsel reported meeting with the defendant to discuss the defendant's dissatisfaction that counsel did not negotiate a plea agreement. Dkt. No. 288, p. 2. In a letter to the Court dated the same date, the defendant complained that his trial counsel: "came to me a few days before trial and said their [sic] offering me 20 yrs, so if that was a plea then I guess 20 yrs to life is extra." Dkt. No. 289, Ex. B.

The United States argues that the Court lacks jurisdiction to hear defendant Bishop's Rule 33 motion to vacate because the motion was not filed within 14 days

5

after the guilty verdict was returned. Dkt. No. 289, pp. 4-5. However, while Rule 33 is an "inflexible claim-processing rule," it is not "jurisdictional" and is therefore subject to the extension-of-time provisions of Rule 45(b) of the Federal Rules of Criminal Procedure. *Eberhart v. United States*, 546 U.S. 12 (2005) (per curiam); *see also United States v. Robinson*, 430 F.3d 537, 541 (2d Cir. 2005) ("The time limitations specified in Rule 33 are read in conjunction with Rule 45, which establishes how to compute and extend time."). As explained in the Advisory Committee's Note to Rule 33, "if for some reason the defendant fails to file the underlying motion for a new trial within the specified time, the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect." Fed. R. Crim. P. 33 advisory committee's note to 2005 amendments.

Nevertheless, the United States is obviously correct that defendant Bishop's Rule 33 motion was filed outside the 14-day time limit, and the defendant has not sought leave pursuant to Rule 45 to file his motion late. Moreover, the defendant points to no circumstances that would justify an extension of time for filing the motion until May 17, 2017, despite the passage of the time limit in Rule 33(b)(2).

The alternative time limit for a Rule 33 motion for a new trial based upon newly-discovered evidence is three years. Fed. R. Crim. P. 33(b)(1). But when the alleged newly-discovered evidence is ineffective assistance of counsel, such motions are sometimes summarily denied upon the ground that the claims do not concern evidence of guilt or innocence. *See e.g.*, *United States v. Cammacho*, 462

Fed. Appx. 81, 83 (2d Cir. 2012); *DiMattina v. United States*, 949 F. Supp. 2d 387, 41011 (E.D.N.Y. 2013). Here, the defendant proffers no newly-discovered evidence concerning his innocence in support of his motion, and he does not even claim he is innocent of the offense of which he has been convicted.

Even if the Court assumes that defendant Bishop's claim of ineffective assistance of counsel could be brought as newly-discovered evidence, *see e.g., United States v. Brown*, 623 F.3d 104, 113, n.5 (2d Cir. 2010), his replacement counsel and his current counsel did not seek to raise the claim within the three-year time limit of Rule 33(b)(1). As noted above, a due-diligence showing is necessary even if a defendant seeks a new trial based upon newly-discovered evidence. *Brown*, 623 F.3d 104, 113, n.5 (2d Cir. 2010). The defendant makes no such showing of due diligence, and he has not attempted to invoke Rule 45 in order to seek leave to file his motion outside the three-year time limit. Given that the defendant complained about his trial counsel's failure to negotiate a plea years before his Rule 33 motion was filed, he has no excuse for the late filing. Accordingly, for all of these reasons, the defendant's Rule 33 motion is denied as untimely.

**Defendant Bishop's Rule 33 Motion is Otherwise Deficient.**

To establish that his trial counsel's legal representation was constitutionally ineffective, defendant Bishop would be required to demonstrate both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient representation prejudiced petitioner's defense, meaning that

7

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 669, 687–96 (1984).

The Court is to view trial counsel's performance deferentially, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Defendant Bishop must therefore show that his trial counsel's deficient performance caused a breakdown of the adversarial process that "undermine[s] confidence" that the trial "produced a just result." *Id*. at 686, 694.

Generally, defendant Bishop has no constitutional right to a plea offer, and no right to require a court to accept a plea agreement. *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *Santobello v. New York*, 404 U.S. 257, 262 (1971)). Accordingly, to establish prejudice due to ineffective assistance of counsel in the present context, the defendant must show: (1) a reasonable probability that he would have accepted a plea offer; (2) a reasonable probability that the prosecution would not have withdrawn the plea offer; and (3) that the Court would have accepted it. *Frye*, 566 U.S. at 147.

Here, however, defendant Bishop's correspondence to the Court on December 16, 2013, complained that his trial counsel: "came to me a few days before trial and said their [sic] offering me 20 yrs, so if that was a plea then I guess 20 yrs to life is extra." Dkt. No. 289, Ex. B. This correspondence is inconsistent with a plausible showing that the defendant would have accepted a formal plea offer

requiring him to serve a 20-year sentence of imprisonment.

The defendant's correspondence is also consistent with the United States' claim that no formal plea offer was extended to defendant Bishop. Dkt. No. 289, pp. 6-7. And it tends to corroborate the prosecutor's specific contention that the defendant would have been required to accept a plea to at least a 20-year term of imprisonment because of his central role in the conspiracy. See Dkt. No. 289, Ex. A, ¶ 2. (The prosecutor "viewed [defendant] Bishop as the top defendant in the case, due to his significant role in the conspiracy and because the government had information that [the defendant] was trying to have the government's main cooperator in the case killed. Based on this, [the prosecutor] believed it was appropriate to prosecute [the defendant] to the fullest extent of the law . . . [and] would never have contemplated a plea agreement that involved anything less than the 20-year mandatory minimum sentence required by the statute.") Under these circumstances, the defendant has not carried his burden to plausibly show that a plea offer of 12 years was made, and that he was prejudiced by his trial counsel's representation.

The Court might view the contentions of defendant Bishop differently if he had plausibly alleged that his trial counsel did not follow the defendant's instructions to pursue plea negotiations that would have led to a plea offer the defendant would have accepted, or if the defendant had plausibly alleged that trial counsel failed to provide the defendant with counsel's professional advice whether to proceed to trial or to enter a guilty plea. The defendant's Rule 33 submissions do not specifically

address whether trial counsel failed to seek an acceptable plea disposition from the United States. They do not address whether trial counsel failed to give the defendant objectively reasonable advice about the likely consequences of proceeding to trial without a plea disposition. As a result, the defendant does not show that he might carry his heavy burden to establish that his trial counsel was constitutionally ineffective by plausibly alleging that trial counsel failed in counsel's duties regarding plea negotiations, and the defendant's motion would not even merit an evidentiary hearing, if it were timely.

## CONCLUSION

For all the reasons stated above, the motion of defendant Bishop pursuant to Fed. R. Crim. P. 33 to vacate his conviction for conspiracy to possess with intent to distribute and to distribute five kilograms of more of a mixture or substance containing cocaine in violation of 21 U.S.C. § 846 is denied. Because of the unfortunate delays since the defendant was found guilty, and so that the defendant may pursue his appeal rights, the Court expects to impose sentence with as little further delay as possible, and a status conference to schedule sentencing-related proceedings and the sentencing is scheduled for January 29, 2020, at 1:30 p.m.

**SO ORDERED**.

       *s/Richard J. Arcara*
    HONORABLE RICHARD J. ARCARA
    UNITED STATES DISTRICT COURT

Dated: January 14, 2020